Filed 6/27/16  P. v. Brown CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORNELL C. BROWN,<br><br>    Defendant and Appellant. | B262304<br><br>(Los Angeles County<br>Super. Ct. No. MA061229) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Reversed in part, affirmed in part, modified in part and remanded with directions.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant, Cornell Brown, was found guilty of residential burglary (Pen. Code, § 459; count 10),[1] receiving stolen property (§ 496, subd. (a); count 11), three counts of forgery (§ 476; counts 12-14), grand theft of personal property (§ 487, subd. (a); count 24), possession of ammunition (§ 30305, subd. (a)(1); count 26), and unlawful taking or driving of a vehicle (§ 666.5; count 27). Defendant admitted suffering serious and/or violent felonies (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)) and serving a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to a term of 36 years to life plus six years in state prison, consisting of: the middle term of three years doubled to six years on count 27, and 25 years to life on count 10 plus 10 years for two prior serious felony convictions and one year for a prior prison term. Defendant received two-year concurrent sentences on counts 14, 24, and 26, two-year stayed sentences on counts 12 and 13, and a 180-day concurrent sentence on count 11.

On appeal, defendant argues that conviction on only one count of forgery was proper because the evidence showed he was engaged in a single criminal plan. We find that defendant was properly convicted of two counts of forgery. In one instance, he used counterfeit money and, in a separate instance, he possessed it. A third count (count 13) was improper, however, because it and count 14 were based on a single act of possession.

Defendant further contends that one of the prior serious felony enhancements must be stricken and that the abstract of judgment incorrectly states he received a 16-year determinate sentence for prior convictions and prison terms, points that the People concede are correct.

## FACTS

### Facts pertaining to forgery

In 2013, Lawrence Johnson advertised his 1998 Pontiac Grand Prix for sale for $1,900. A woman approached him at his house in Lake Los Angeles and said she was

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

interested in the car. A few days later, on September 8, 2013, she returned to the house with defendant and told Johnson she would buy the car for $1,400. Johnson accepted the offer and the woman handed him cash. Defendant drove the car away from Johnson's property.

About an hour later, Johnson realized that the cash felt funny and slippery. He took about half the bills and dipped them in water. They dissolved. Johnson called the police. A deputy sheriff came and Johnson was instructed to turn in the remainder of the counterfeit money.

On September 10, 2013, Deputy Sheriff Lewis Orantes made a traffic stop in Lancaster of a Pontiac Grand Prix. Defendant was in the passenger seat. He stated that he had purchased the car the day before. Deputy Orantes searched defendant's wallet and found $310 in counterfeit bills. Defendant admitted that the money was counterfeit.

Defendant was taken into custody and the Pontiac was impounded. Defendant was set to be released on September 12, 2013, because he provided information regarding the manufacturer of the counterfeit money. Prior to his release, defendant told Detective Brad Foss that there was live ammunition concealed near the brake pedal of the Pontiac and additional counterfeit currency hidden in the trunk. Detective Foss went to the impound yard, searched the car, and found the concealed ammunition and $225 in counterfeit bills.

**Facts pertaining to other counts**

On October 10, 2013, Andrew Bonner returned from the grocery store to his home in Lake Los Angeles and discovered that it had been ransacked. The sliding patio door had been removed and several windows were bent open. Car tracks led through his back yard into the patio area. Bonner's house was missing two televisions, remote controls, two DVD players, surround-sound speakers, a camera, cell phones, and money from his sons' piggy bank.

Earlier that day, Bonner's neighbor, Edgar Perez, saw defendant park a black Honda Civic near Bonner's patio. He then saw defendant carry a television out of the house through the sliding patio doorway and put it in the trunk of the car.

3

On October 16, 2013, defendant was seen driving a stolen black Honda Civic. The Honda was later recovered from a wash area.

On October 17, 2013, a search was conducted at defendant's home in Palmdale. A DVD player and surround-sound speakers were found. Bonner later identified the items as being taken from his home on October 10.

Defendant was arrested in Texas and brought back to California.

## DISCUSSION

### I. Conviction on one count of forgery must be reversed

Defendant was convicted of three counts of forgery under section 476. In closing argument, the prosecutor explained the factual bases for the three counts: count 12—"the $1,400 that [defendant] gave to the female who purchased the car from Lawrence Johnson"; count 13—"the $310 that was in [defendant's] wallet"; count 14—"the extra $225 that [defendant] had in his car."

Defendant argues that conviction on only one count of forgery was warranted because he engaged in a single act of possessing counterfeit bills, his possession was a continuing course of conduct, and he did not commit separate and distinct acts. In support of this argument, defendant cites to *People v. Bailey* (1961) 55 Cal.2d 514, 518-519 (*Bailey*), which held that when a defendant, through false representations, receives a series of sums from a victim, "the receipts may be cumulated to constitute but one offense of grand theft" if the evidence shows the defendant acted with only "one intention, one general impulse, and one plan." Our Supreme Court recently explained *Bailey*'s relatively narrow scope, noting that it, at times, had been interpreted "more broadly than is warranted." (*People v. Whitmer* (2014) 59 Cal.4th 733, 735.) The *Whitmer* court emphasized that "a defendant may be convicted of multiple counts of grand theft based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme." (*Ibid.*)

Defendant's reliance on *Bailey* is misplaced. First, the legal rationale upon which *Bailey* rests—the aggregation of numerous ill-gotten receipts to constitute one count of grand theft—is missing here. Indeed, the *Bailey* doctrine has been found not to apply to a

4

series of forgeries.  (*People v. Neder* (1971) 16 Cal.App.3d 846, 852-853 ["The designation of a series of forgeries as one forgery would be a confusing fiction"].)

Second, the evidence shows that defendant engaged in separate and distinct acts of forgery.  Section 476 provides:  "Every person who makes, passes, utters, or publishes, with intent to defraud any other person, or who, with the like intent, attempts to pass, utter, or publish, or who has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill, note, or check, purporting to be the bill, note, or check . . . is guilty of forgery."  As pertinent here, one commits forgery if he or she passes "or" possesses a fictitious bill.  (*Ibid.*)  On September 8, 2013, defendant committed one act of forgery when he participated in the passing of counterfeit bills to acquire the Pontiac.  On September 10, 2013, defendant committed a separate act of forgery when he possessed counterfeit bills.

Thus, conviction on two counts of forgery was proper.  The third count, though, cannot stand.  When the stolen Pontiac was stopped by Deputy Orantes on September 10, 2013, defendant was in possession of $535 in counterfeit bills—$310 in his wallet and $225 in the trunk.  The fact that $310 was found immediately while $225 was located by Detective Foss two days later is immaterial.  It was the act of possessing the counterfeit currency on September 10 that constituted the crime.  (See *People v. Bowie* (1977) 72 Cal.App.3d 143, 156 [possession of 11 fraudulent checks at the same time constituted one violation of section 475]; *People v. Carter* (1977) 75 Cal.App.3d 865, 871 [possession of multiple fraudulent checks stating different payees constituted one crime]; *People v. Theobald* (1964) 231 Cal.App.2d 351, 353 [in marijuana possession case, finding "[a]t any given point of time a person is either guilty of the crime of possessing marijuana or he is not" and that the crime could not "be compounded merely because various portions of the prohibited contraband . . . [were] kept . . . in different places" in or near the defendant's apartment].)

Therefore, counts 13 and 14 were improperly separately charged and the facts underlying these two counts can support only one conviction for forgery.  The sentence

on count 14 was ordered to run concurrent to the sentences on other counts while the sentence on count 13 was stayed. The conviction on count 13 must be reversed.

## II. Separate enhancements were improperly imposed for two prior convictions

The trial court imposed two 5-year enhancements, for a total of 10 years, for two prior serious felony convictions under section 667, subdivision (a). As defendant argues, however, and as the People concede, the two prior felony convictions arose in the same case and under the same case number. Separate five-year enhancements may be imposed only "on charges brought and tried separately." (§ 667, subd. (a)(1).) Prior convictions arising from the same proceeding cannot be used as separate serious felony enhancements. (*People v. Frausto* (2009) 180 Cal.App.4th 890, 903.) Accordingly, it was error to impose more than one 5-year enhancement.

## III. Enhancement time imposed was miscalculated

The abstract of judgment lists a total of 10 years of time imposed for two prior serious felony convictions and one year of time imposed for a prior prison term, but then states that defendant received a 16-year (rather than 11-year) determinate sentence on these enhancements. This is a simple error of addition. Since only one 5-year enhancement is warranted, the abstract of judgment must be corrected to reflect a six-year determinate sentence.

## DISPOSITION

The judgment is reversed as to count 13, and count 13 of the third amended information is dismissed with prejudice. The judgment is modified by striking one 5-year enhancement term imposed pursuant to section 667, subdivision (a). The case is remanded to correct the abstract of judgment to reflect one 5-year prior serious felony enhancement (§ 667, subd. (a)) and one 1-year prior prison term enhancement (§ 667.5, subd. (b)) for an enhancement of six years. The trial court shall forward a copy of the

corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

7